JOHN T. O'CONNELL, Esq. #10715
Lee, Myers and O'Connell, LLP
40 Grove Street, Suite 390
Wellesley, MA  02482
E-mail: oconnell@lmoclaw.com
(617) 716-7700

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LYNN BROOKS, ET AL. | ) CIVIL NO. 19-00219 JMS-WRP |
| | ) |
| Plaintiffs, | ) STIPULATED PROTECTIVE |
| | ) ORDER; EXHIBIT "A" |
| v. | ) |
| | ) |
| JOE GREEN, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs LYNN BROOKS, Individually and as Personal Representative of the Estate of Howard Weldon, deceased, and ANDREW WELDON ("Plaintiffs") and Defendants JOE GREEN, SURF N' SEA, INC., a Hawaiian Corporation, and JUAN "ADRIAN" RAMIREZ ("Defendants"), the parties in this action (collectively, "Parties"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP") that discovery of records containing personal, financial and/or confidential information, including (but not limited to) health, medical, mental health, financial and

employment records related to Plaintiff and Defendant will be subject to the following stipulation:

## R E C I T A L S

WHEREAS, the Parties have each requested certain records containing personal and/or confidential information; and,

WHEREAS, the Parties recognize that such records may be necessary in the prosecution and/or defense of the civil action; and,

WHEREAS, this Stipulated Protective Order ("Order") shall be strictly construed in favor of public disclosure and open proceedings wherever possible.

IT IS HEREBY STIPULATED as follows:

1. Any and all records produced to the Parties will be done upon the following conditions:

    a. The Parties will designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is not

dispositive of whether the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

b. Documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in ¶ 1(c) for any purpose whatsoever other than to prepare for and to conduct discovery, to draft or oppose motions, other filings and pre-trial submissions and for trial in this action, including any appeal thereof.

c. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents to any third person or entity, including the media, except as set forth in subparagraphs c(1-6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

1) Plaintiffs and Defendants and their Counsel in this action;

2) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel in this action;

3) court personnel including stenographic reporters engaged in proceedings that are related to preparation for trial in this action;

4) witnesses who may have "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" material disclosed to them during deposition proceedings where necessary and related to preparation for trial in this action, but such witnesses will not be allowed to leave the deposition with copies of the material;

5) consultants, investigators, or experts (collectively, "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have been provided with a copy of this Order and have signed the Confidentiality Agreement, attached hereto as Exhibit "A"; and

6) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall be provided with a copy of this Order and shall sign the Confidentiality Agreement, attached hereto as Exhibit "A."

d. Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order.

e. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

f. If any party seeks to attach any document(s) designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to any motion, opposition, reply, or other publicly filed document, that party shall seek leave of court to file such documents under seal pursuant to LR 83.12. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of

overcoming the presumption in favor of public access to papers filed in court.

    g. Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by F.R.E. 502(b).

    h. At the conclusion of the trial and any appeal or other termination of this litigation all "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" material received under this stipulation, and any copies made thereof, will be returned to counsel for the producing party, or destroyed within 30 days of the resolution of the litigation, with written representation of such destruction provided to the producing party.

2. Any "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or non-party with standing to object. If a party contends that any material is not entitled to confidential treatment, such party or non-party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

Notwithstanding any challenge to the designation of material as confidential, all documents shall be treated as such and subject to the provisions hereof unless and until one of the following occurs:

    a. the party or non-party who claims that the material is confidential withdraws such designation in writing; or

    b. the party or non-party who claims the material is confidential fails to apply to the Court for an order designating the material as confidential within the time period specified above after receipt of a written challenge to such designation; or

    c. the Court rules the material is not confidential.

Before filing an application with the Court seeking an order that the material is confidential, the applying party or non-party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation as to any documents in such dispute, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

3. Applications to the Court for an order relating to any documents designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be by motion and any other procedures set forth in the presiding judge's standing orders and/or the Local Rules of this Court. Nothing in this Order or any

action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

4. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. If a party intends to present at trial "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information derived therefrom, such party shall (a) provide advance notice to the other Parties by identifying the documents or information at issue as specifically as possible (by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" documents or information on that party's Exhibit List to be exchanged on the date for pre-marking and exchange of exhibits set forth in the Rule 16 Scheduling Order (ECF No. 33) entered herein July 22, 2019, as amended.

5. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed and the presiding judge's standing orders or other relevant orders.

DATED:  August 27, 2019.

/s/ John T. O'Connell
JOHN T. O'CONNELL, ESQ.
Attorney for Plaintiffs
LYNN BROOKS, Individually and as Personal Representative for the Estate of Howard Weldon, Deceased, and ANDREW WELDON

DATED:  August 27, 2019.                DATED:  August 27, 2019

/s/ Gary Grimmer                        /s/ Normand R. Lezy
GARY GRIMMER, ESQ.                      NORMAND R. LEZY, ESQ.
ANN CORREA, ESQ.                        MICHAEL J. NAKANO, ESQ.
Attorneys for Defendants                JAMIE C. S. MADRIAGA, ESQ.
JOE GREEN and SURF N' SEA, INC.         Attorneys for Defendant
                                        JUAN "ADRIAN" RAMIREZ

    APPROVED AND SO ORDERED.

    DATED, HONOLULU, HAWAII, AUGUST 27, 2019.



Wes Reber Porter
United States Magistrate Judge

**BROOKS, ET AL. v. GREEN, ET AL.; CIVIL NO. 19-00219 JMS-WRP; STIPULATED PROTECTIVE ORDER**

# EXHIBIT "A"

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated August 27, 2019 in Brooks v. Green, et al., Civil No. 19-00219 JMS-WRP that I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information - including copies, notes, or other transcriptions made therefrom - in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information - including copies, notes or other transcriptions made therefrom - to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

DATED:

Print Name: _____

## END OF EXHIBIT "A"