IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LYNN BROOKS, individually and as personal representative of the Estate of Howard Weldon; and ANDREW WELDON, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>JOE GREEN; SURF N' SEA, INC.; and JUAN "ADRIAN" RAMIREZ,<br><br>Defendants. | Civ. No. 19-00219 JMS-WRP<br><br>ORDER DENYING DEFENDANTS GREEN'S AND SURF N' SEA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY THIS ACTION, ECF NO. 43 |

**ORDER DENYING DEFENDANTS GREEN'S AND SURF N' SEA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY THIS ACTION, ECF NO. 43**

**I. INTRODUCTION**

Plaintiffs Lynn Brooks ("Brooks"), individually and as a personal representative of the estate of Howard Weldon ("Decedent"), and Andrew Weldon ("Weldon") filed the instant action against Defendants Joe Green ("Green"), Juan "Adrian" Ramirez ("Ramirez"), and Surf N' Sea, Inc. ("SNS") (collectively, "Hawaii Defendants" or "Defendants"), seeking damages for the death of Howard Weldon arising from a scuba diving incident. *See* Compl., ECF No. 1. Before the court is Defendants Joe Green's and SNS' Motion to Dismiss, or in the alternative,

to stay the current action given a pending parallel state court action in California. ECF No. 43. Defendant Ramirez has filed a motion joining in the Motion to Dismiss. ECF No. 47. For the reasons stated below, the court DENIES Green's and SNS' Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

On July 3, 2018, Decedent and Weldon, residents and citizens of California, arrived at SNS in Haleiwa, Oahu to participate in a "[Professional Association of Diving Instructors ("PADI")] Discover Scuba Diving expedition organized, promoted and/or led by [Hawaii] Defendants" at SNS. ECF No. 1 at PageID #4. Green is the owner of SNS, a "PADI dive center." *Id.* Ramirez was an "agent/servant and/or employee" of SNS, was the dive leader on the excursion, and was "a professional member of PADI." *Id.* All Hawaii Defendants are residents of and domiciled in Hawaii, or incorporated and have its principal place of business in Hawaii. *Id.* at PageID #3.

Before the excursion, as participants were completing forms, Ramirez allegedly suggested that Decedent answer a PADI medical questionnaire in a specific manner (i.e., to say Decedent had low blood pressure contrary to Decedent's actual medical condition), otherwise he would not have been able to proceed with the scuba excursion. *Id.* at PageID #7-8. During the diving

2

excursion, Decedent started showing distress, and was subsequently transported to the hospital where he was pronounced dead. *Id.* at PageID #11. "An autopsy performed on the Decedent determined that he had died from acute respiratory distress." *Id.* at PageID #11.

**B.     Procedural Background**

On April 26, 2019, Plaintiffs filed the instant case in this court, naming Green, Ramirez, and SNS as Defendants, alleging Hawaii state law claims of negligence, wrongful death, negligent infliction of emotional distress, and gross negligence. *See id.* at PageID #11-17.

On July 2, 2019, Plaintiffs filed a complaint in the United States District Court for the Central District of California ("C.D. Cal. matter"), naming as defendants PADI Worldwide Corp.; PADI; and Diving Science and Technology Corp. ("PADI Defendants"), all of whom were alleged to have been organizations that provide "recreational scuba diving training and certification . . . and [are] author[s] and publisher[s] of recreational scuba diving manuals, protocols, and procedures." ECF No. 43-3 (C.D. Cal. Complaint) at PageID #185-86.[1]

---

[1] Defendants attach ten exhibits of various court filings in the C.D. Cal. Matter (Exhibits A-I) along with a proposed complaint (Exhibit J). *See* ECF Nos. 43-3 through -13. Plaintiffs attach a stipulated motion to voluntarily dismiss an appeal filed with the Ninth Circuit, and a complaint filed in the superior court of California. *See* ECF Nos. 50-2 & -3. Neither party has sought judicial notice of the exhibits they have attached to their filings for the instant Motion to Dismiss. Nevertheless, with the exception of Defendants' Exhibit J (the proposed complaint,
(continued . . .)

> Working together, [the PADI Defendants] have created
> the world's largest recreational diver training and
> certification organization. Together, they have designed,
> developed, published, administered, and marketed
> recreational dive-training and dive-touring programs that
> are conducted by professional PADI members in
> approximately 175 countries worldwide. In addition to
> these dive-training and dive-touring programs, [they]
> have worked together to design, develop, publish,
> administer, and market the DSD Experience. . . . [T]he
> DSD Experience is a one-time dive protocol for
> untrained, uncertified persons who are brand new to
> scuba diving.

*Id.* at PageID #186-87. The C.D. Cal. Complaint alleged that the unsafe procedures and protocols for inexperienced divers were a cause of Decedent's death. *See generally* ECF No. 43-3.

On August 21, 2019, the PADI Defendants filed a motion to dismiss the C.D. Cal. matter, seeking judicial notice of the District of Hawaii Complaint, arguing that the C.D. Cal. matter should be dismissed because the court lacked subject-matter jurisdiction under Rule 12(b)(1), the complaint failed to state a claim under Rule 12(b)(6), and the "claim-splitting" doctrine applied. *See generally* ECF No. 43-4. On October 11, 2019, District Judge James V. Selna

---

which was eventually filed and attached as Exhibit 2 by Plaintiffs), all other documents are judicially noticeable under Rule 201 of the Federal Rules of Evidence, *see, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988), and the court *sua sponte* takes judicial notice of all exhibits, except Defendants' Exhibit J.

4

found that the court lacked subject-matter jurisdiction, granted the motion to dismiss, and "decline[d] to consider" the claim-splitting argument. ECF No. 43-6.

Plaintiffs, in their C.D. Cal. matter, filed an appeal before the Ninth Circuit. Plaintiffs then re-filed their complaint in California state court on December 18, 2019, against the same PADI Defendants and alleging the same claims, *see* ECF No. 50-3, and voluntarily dismissed the appeal before the Ninth Circuit on December 23, 2019, ECF No. 50-2.

Thus, the parties now agree that the only parallel proceeding at the present time is the California state court matter, filed on December 18, 2019, against the PADI Defendants.

Meanwhile, in this matter, Hawaii Defendants Green and SNS filed the instant Motion to Dismiss, or in the alternative, a stay, on November 26, 2019, also arguing the claim-splitting doctrine applied.[2] ECF No. 43. On December 18, 2019, Defendant Ramirez filed his Motion for Joinder, which the court GRANTS. ECF No. 47. Plaintiffs filed their Opposition on December 30, 2019. Hawaii Defendants filed their Reply on January 7, 2020. The court held a hearing on January 21, 2020.

---

[2] At the time of Hawaii Defendants' filing of the Motion, Plaintiffs had not yet dismissed the C.D. Cal. appeal, and had only expressed their intention to re-file in California state court.

## III. **LEGAL FRAMEWORK**

The court construes Hawaii Defendants' Motion to Dismiss or, in the Alternative, Stay this Action, under the *Colorado River* framework.[3]

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Federal courts are under a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *id.* at 817, and for that reason, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (*quoting McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Under *Colorado River*, where there is a parallel, ongoing state court proceeding, "courts may refrain from deciding an action for damages only in 'exceptional' cases, and only 'the clearest of justifications' support dismissal." *See, e.g., R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (*quoting Colorado River*, 424 U.S. at 818-19). Therefore, the question here is whether "exceptional" circumstances exist so as to

---

[3] Because the procedural posture of the parallel proceeding(s) has changed subsequent to Hawaii Defendants' filing of the Motion to Dismiss, with only a parallel proceeding in state court now, the claim-splitting doctrine is inapplicable. *See Henderson v. Bonaventura*, 649 F. App'x 639, 641 (9th Cir. 2016) (rejecting the application of the claim-splitting doctrine and noting that when there are both state and federal court proceedings, *Colorado River* abstention is the proper analysis).

warrant abstention. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13, 15-16 (1983).

"To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal," the Ninth Circuit considers the following eight factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co.*, 656 F.3d at 978-79. This is not a "mechanical checklist." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (*quoting Cone Mem'l Hosp.*, 460 U.S. at 16). The balance, however, is "heavily weighted in favor of the exercise of jurisdiction," *Cone Mem'l Hosp.*, 460 U.S. at 16, and there is "a strong presumption against federal abstention." *Seneca*, 862 F.3d at 842. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Id.* (citation and quotation marks omitted).

## IV. **DISCUSSION**

Plaintiffs argue that the last factor of *Colorado River*—"whether the state court proceedings will resolve all issues before the federal court"—is dispositive, and tips in favor of the court's retention of jurisdiction. *See* Opp'n, ECF No. 50 at PageID #353; *see Franke v. Yates*, 2019 WL 4856002, at *4 (D. Haw. Oct. 1, 2019) ("As a result, the absence of parallelism has often been 'dispositive' of the question whether to grant a *Colorado River* stay or dismissal.") (summarizing authority); *see also AIIRAM, LLC v. KB Home*, 2019 WL 3779185, at *5 (N.D. Cal. Aug. 12, 2019) ("However, the last factor can be dispositive."). The court agrees and finds that this factor weighs heavily against abstention because defendants in the two proceedings are different—the California state court proceeding against the PADI Defendants does not necessarily resolve the issues alleged against Hawaii Defendants.

Hawaii Defendants argue that abstention is nonetheless proper because (1) Plaintiffs have taken inconsistent positions in the two proceedings in that Plaintiffs argue Hawaii Defendants were negligent by failing to adhere to PADI procedures, whereas in the California state proceeding, Plaintiffs allege that the PADI Defendants created procedures that created dangerous conditions, and judicial estoppel should apply; and (2) Plaintiffs' claims against Hawaii

Defendants rise and fall with the claims asserted against the PADI Defendants. Both arguments fail.

First, to the extent judicial estoppel may apply, any inconsistent positions taken by Plaintiffs are irrelevant to the *Colorado River* analysis. But more importantly, Hawaii Defendants are incorrect that the claims are "diametrically opposed" or that they necessarily rise and fall together. Plaintiffs allege that Hawaii Defendants, as individuals or the company overseeing the scuba diving excursion, were negligent, in part, because Ramirez allegedly advised Decedent to change an answer on a PADI medical questionnaire in order for Decedent to proceed with the scuba diving excursion. *See* Compl., ECF No. 1 at PageID #8-9. Whether the PADI medical questionnaire was accurately completed, or whether there was negligence in how Decedent was instructed to complete the questionnaire, are distinct and separate from Plaintiffs' California state court allegations that the overall scuba diving program created unsafe conditions for inexperienced divers. *Compare with* Pls.' Ex. 2 (California Superior Court Compl.), ECF No. 50-3 at PageID #365-68.

Further, there are allegations against Hawaii Defendants in the instant case separate and apart from PADI. For example, Plaintiffs allege that "[o]n the day of the dive, Shark's Cove did not have suitable conditions that would allow for adequate in-water training of novice divers" and "[Shark's Cove] is potentially

9

dangerous in mild current conditions." ECF No. 1 at PageID #9-10. "[Hawaii] Defendants had a duty to select a dive site suitable to the training and experience levels of Plaintiff Weldon and the Decedent." *Id.* at PageID #10. Thus, any findings of liability (or lack thereof) against the PADI Defendants do not necessarily resolve the allegations of negligence against the Hawaii Defendants— they may have liability independent of PADI procedures and protocols.

This is not to say that there is not some overlap—the Hawaii Complaint does allege, in part, facts relating to the PADI procedures and protocols.[4] Nevertheless, the complaints allege *some* different theories against different defendants in each proceeding, and thus, resolution of the state proceeding does not resolve all the issues here.

Accordingly, the dispositive *Colorado River* factor weighs against abstention.[5] Hawaii Defendants have not shown that such "exceptional"

---

[4] And Plaintiffs, themselves, acknowledge there may be some overlap. *See* Opp'n, ECF No. 50 at PageID #346 ("overlap in damages . . . is not inevitable"). But any possibility of double recovery—something barred under both Hawaii and California law—could be offset and determined at the time of judgment, if applicable, and is not a sufficient reason for the court to dismiss or stay under *Colorado River*. *See, e.g., Walbridge Aldinger Co. v. Aon Risk Servs., Inc. of Penn.*, 2006 WL 2376112, at *4, n.4 (E.D. Mich. Aug. 16, 2006) ("The court is unpersuaded by Defendant's arguments that the possibility of 'double recovery' counsels the abstention of federal jurisdiction."). Plaintiffs also conceded at the January 21, 2020 hearing that they would likely be judicially estopped from asserting inconsistent positions and they cannot seek double recovery in the parallel proceedings.

[5] The court also finds that the other seven factors together overwhelmingly weigh against abstention. At most, only factor 7 (forum shopping) weighs slightly in favor of abstention. The

(continued . . .)

circumstances exist under *Colorado River* for the court to decline its "virtually unflagging obligation" to exercise jurisdiction.

## V. **CONCLUSION**

For the foregoing reasons, the court DENIES Defendants Green's and SNS' Motion to Dismiss, or in the Alternative, to Stay. ECF No. 43.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 22, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Brooks, et. al v. Green et. al*, Civ No. 19-00219 JMS-WRP, Order Denying Defendants Green's and Surf N' Sea, Inc.'s Motion to Dismiss, or in the Alternative, Stay this Action, ECF No. 43.

---

other factors either weigh against a stay (factors 2, 3, 4 and 6), are inapplicable here (factor 1), or neutral (factor 5).